## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY LONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-1323 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Anthony Long, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2003 state felony conviction for drug trafficking. Respondent filed a motion for summary judgment, (Docket Entry No. 11), with a copy of the state court record. Long filed a response. (Docket Entry No. 13, 15). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I.    Background

Long pleaded guilty to the felony offense of possession with intent to deliver a controlled substance. Cause Number 949762). On May 27, 2003, the state trial court sentenced Long to a prison term of seventeen years. Long did not appeal.

Long filed an application for state habeas corpus relief on July 28, 2003, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing on October 22, 2003. *Ex parte Long,* Application No. 57,019-01 at cover.

On March 23, 2004, this court received Long's federal petition.  Long contends that his conviction is void for the following reasons:

(1)     he received unlawful advice from his attorney and the prosecutor, which caused him to waive his rights and enter a plea;

(2)     the prosecutor psychologically pressured him to relinquish his rights;

(3)     the prosecutor did not disclose favorable evidence; and

(4)     trial counsel, Loretta Johnson,[1] rendered ineffective assistance by failing to:

      a.     investigate a possible defense;

      b.     check the coercive tactics used by the prosecutor;

      c.     provide advice; and

      d.     defend him to the fullest.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

Respondent argues that several of Long's claims are unexhausted and procedurally barred.  Alternatively, respondent argues that Long's claims are conclusory and lack merit. This court considers each of these arguments, with Long's response.

---

[1]  State habeas records indicate that counsel's name is "L. Muldrow."  *Ex parte Long,* Application No. 57,019-01 at 47.

## II.    The Applicable Legal Standards

Long's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>>
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)
>
>> (1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000),

the rule applies only to the extent that it does not conflict with the habeas rules.  Section 2254(e)(1) -- which mandates that findings of fact made by a state court are "presumed to be correct" -- overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Long is a *pro se* petitioner.  In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings filed by lawyers.  *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    The Issue of Procedural Bar

Respondent argues that most of Long's claims are unexhausted and procedurally barred because they were not raised in his state application for a writ of habeas corpus or in a petition for discretionary review.  Respondent argues that although Long exhausted the first, a claim that his plea was involuntary, he did not exhaust the claim that the plea was involuntary because defense counsel and the prosecutor gave him bad advice.  Respondent asserts that as a result, only a portion of the first claim is exhausted.  Respondent also asserts that Long's second and third federal habeas claims are unexhausted.  Finally, respondent argues that Long failed to present two parts of his ineffective assistance of counsel claims

5

in the state courts; that his counsel failed to check the coercive tactics of the prosecution and failed to defend Long vigorously.  (Docket Entry No. 11, Respondent's Motion for Summary Judgment, p. 4).

A petitioner's procedural default precludes federal habeas corpus review "if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Boyd v. Scott*, 45 F.3d 876, 880 (5th Cir. 1994), *cert. denied*, 514 U.S. 1111 (1995).  The exhaustion requirement is satisfied if such claims are procedurally barred under state law.  *Gray v. Netherland,* 518 U.S. 152, 161 (1996).

Long did not raise the first claim in its entirety, or claims 2, 3, 4A, and 4C, in his state habeas petition.  Long could not bring these claims in a successive habeas application filed in state court because of Texas's abuse of the writ doctrine.  *Ex parte Carr,* 511 S.W.2d 523, 525-26 (Tex. Crim. App. 1974).  While a procedural rule that acts as a bar must be "firmly established and regularly followed," *Ford v. Georgia,* 498 U.S. 411, 423 (1991) (quoting *James v. Kentucky,* 466 U.S. 341, 348 (1984)), Texas strictly and regularly applied the abuse of the writ doctrine when Long filed his habeas petition.  *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997); *see also Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995).  Because Long would be precluded from asserting his unexhausted claims in a successive habeas application filed in Texas state court, this court need not dismiss this petition without prejudice to permit him to exhaust these claims.  *Fuller v. Johnson,* 158 F.3d 903, 906 (5th Cir. 1998).

A federal habeas court may review claims that were not raised in state courts first – only if a petitioner "can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris*, 489 U.S. at 262 (quoting *Murray v. Carrier,* 477 U.S. 478, 485 (1986) and *Engle v. Isaac*, 456 U.S. 107, 135 (1986)); *Jacobs v. Scott*, 31 F.3d 1319, 1328 (5th Cir. 1994), *cert. denied*, 513 U.S. 1067 (1995).  Long states that he did not present all of his claims in his state habeas application because the state deliberately withheld underlying facts.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 8A).  Long explains that he only recently learned of the underlying facts.  Long further argues that he presented the substance of his ineffective assistance claims to the state habeas court.  (Docket Entry No. 15, Petitioner's Response, p. 3).

Long's arguments are unpersuasive.  The claims he made are based on actions by defense counsel and the prosecutor that Long asserts led him to decide to plead guilty.  The claims are not based on recently discovered facts.  The record refutes Long's claim that he presented the "substance" of all his claims to the state habeas court.  Long has not shown cause, under the law, for his failure to raise the claims in his state application for habeas corpus relief or in a petition for discretionary review.  *Coleman*, 501 U.S. at 753.  Nor has Long demonstrated actual prejudice or that a "fundamental miscarriage of justice" will result from this court's failure to consider his unexhausted claims.  *Harris*, 489 U.S. at 262.

This court also finds, for the reasons discussed below, that even if Long's claims were not procedurally barred, they lack merit.

**IV.    The Claim as to the Voluntariness of the Guilty Plea**

Long claims that his guilty plea was involuntary because defense counsel failed to advise him of his options.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). Long alleges that he did not understand the nature of the offense and that counsel and the prosecutor gave "unlawful" advice.

A federal court must uphold a guilty plea on habeas review if the plea was knowing, voluntary, and intelligent.  *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985).  A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976).  The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992).  If the record shows that the defendant "understood the charge and its consequences," the federal habeas court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense.  *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

The record shows that on May 27, 2003, Long appeared in open court and entered a plea of guilty.  *Ex parte Long,* Application No. 57,019-01 at 36-37.  The court admonished Long, in writing, as to the nature of the offense charged -- possessing a controlled substance with the intent to deliver on May 22, 2003 -- and the punishment range.  (*Id.* at 37-38).  Long

8

signed a two-part document containing the admonishments.  The first part, entitled "ADMONISHMENTS," listed six separate items with subparts.  Long placed his initials beside seven admonishments.  (*Id*. at 38-41).  The document stated that the range of punishment for the offense of possessing a controlled substance with the intent to deliver a controlled substance was five to ninety-nine years confinement in prison and a fine of up to $10,000.  (*Id*. at 38).  Long also placed his initials by each of ten statements in the second part of the document, entitled "STATEMENTS AND WAIVERS OF DEFENDANT."  (*Id*. at 41-43).  The initials of these statements verified that he had understood the written admonishments of the trial court and waived his right to have the trial court orally admonish him, and that he was mentally competent.  (*Id*. at 41).  By initialing the statements, Long acknowledged that in a plea bargain agreement, the State would recommend a seventeen-year prison term; that he fully understood the consequences of the plea and had consulted with counsel; and that he freely and voluntarily entered his plea in open court, with his counsel's approval.  (*Id*. at 37, 41).  By signing the documents, Long stated that he understood the nature of the charge against him and the consequences of his plea.

Long, his attorney, and the prosecutor also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION."  By that signature, Long stated that he waived his constitutional right to a trial by jury; to the appearance, confrontation, and cross-examination of witnesses; and to his right against self-incrimination.  *Ex parte Long,* Application No. 57,019-01 at 36.  Long attested to the truth of the allegations in the indictment and confessed that he had committed

9

the acts on May 22, 2003.  (*Id*. at 36).  By her signature, in the guilty plea, Long's defense attorney stated that she had fully discussed the plea and its consequences with Long and believed that he had entered his plea knowingly and voluntarily.  (*Id*. at 37).

Long's written statements and guilty plea are given significant weight.  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)).  The trial court determined that Long had entered his plea knowingly and voluntarily, after discussing the case with his attorney.  *Ex parte Long,* Application No. 57,019-01 at 37.  The documents that make up the record are entitled to a presumption of regularity under 28 U.S.C. § 2254(e). *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court entered the following findings in denying Long's claim of an involuntary plea:

> 1.    Applicant fails to overcome the   presumption of regularity concerning Applicant's guilty plea established by the trial court records.  When the records indicate that Applicant was admonished, there is a prima facie showing of a knowing and voluntary plea.
>
> 2.    Applicant fails to allege sufficient facts which, if true, would show that he lacked sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or lacked a rational as well as factual understanding of the proceedings against him.  Applicant fails to allege sufficient facts which, if true, would entitle him to relief on his claim that he was incompetent.

*Ex parte Long*, Application No. 57,019-01 at 32, Findings ##1-2.

10

The Texas Court of Criminal Appeals also denied relief on Long's claim for postconviction relief.  On habeas review, the federal courts are bound by the credibility choices made by the state court.  *Hogue v. Johnson,* 131 F.3d 466, 505 (5th Cir. 1997).  This court grants a presumption of correctness to a state court's findings of fact, if supported by the record.  *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir. 1990).  The state court record fairly supports the explicit finding that Long's guilty plea was voluntary.  The state court decision to deny relief was not contrary to clearly established federal law, as determined by the Supreme Court of the United States.   Long's claim for habeas relief based on the involuntariness of his guilty plea lacks merit.  28 U.S.C. § 2254(d)(1).

## V.    The Claim of Ineffective Assistance of Counsel

Long claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel.  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford,* 400 U.S. 25, 31 (1970); *see Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *Machibroda v. United States,* 368 U.S. 487, 493 (1962).  A guilty plea is not involuntary solely because it was entered to limit the maximum sentence or avoid a possible death penalty.  *Starling v. Estelle,* 651 F.2d 1082, 1083 (5th Cir. 1981) (citing *North Carolina v. Alford*, 400 U.S. at 31).

In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to cases involving guilty pleas.  To prevail on a claim of ineffective assistance of counsel, a petitioner must show that:

(1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him. *Id.*; *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998).  A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice.  There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697.

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy."  *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993).  If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed."  *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.  *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett,* 67 F.3d 80 (5th Cir. 1995), *cert. denied,* 516 U.S. 1133 (1996).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland,* 466 U.S. at 694.

The relevant issue is whether defense counsel's performance interfered with Long's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle,* 466 U.S. 906 (1984). The state habeas court found that Long failed to show that the conduct of trial counsel fell below an objective standard of reasonableness and that Long failed to show that, but for counsel's allegedly deficient conduct, there was a reasonable probability that the result of the proceeding would have been different. *Ex parte Long,* Application No. 57,019-01 at 32, Finding #3.

In four interrelated claims, Long complains of his counsel's performance. Long argues that the evidence was insufficient to support his conviction for intent to deliver. The amount of cocaine at issue was 11.2 grams; Long asserts that it was for his personal use only. (Docket Entry No. 2, Petitioner's Memorandum, p. 8). Long points out that he has a history of drug abuse and addiction; evidenced by his parole records showing several "dirty" urinalysis results. Long contends that he is addicted to cocaine, but that he is not a drug dealer, and argues that his counsel failed to investigate the possibility of addiction as a defense. Long also complains that his counsel failed to advise Long of any options. Instead, counsel stated only that she could not predict the outcome of the case, but advised Long to

13

accept the plea offer.  Long also asserts that the prosecutor "psychologically" pressured him to accept the plea.  Long believed that he had no other alternative.

As noted, respondent's summary judgment evidence shows that Long stated, in court, in writing that he understood the trial court's admonishments; fully understood the consequences of his guilty plea; and freely and voluntarily pleaded guilty.  *Ex parte Long*, Application No. 57,019-01 at 43.  Long also stated, in court, in writing that he had discussed the contents of the court's written admonishments with his attorney and understood them, and that he was satisfied with the representation trial counsel had provided.  *Id.* at 43.  The Supreme Court has defined a voluntary plea, as follows:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.*, bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotations omitted) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1972) (en banc), rev'd on other grounds, 356 U.S. 26 (1958)).  The record shows no threats or promises that would make the plea involuntary.

In *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002), the defendant alleged that the general mental strain of the situation and his attorney's heavy-handed advice compromised voluntariness.  According to the defendant, on the day that he was scheduled

to sign his plea agreement, he changed his mind.  The defense attorney warned his client that "you have made it bad for yourself."  The attorney had earlier told the defendant that his own "opening statement will convict you."  In response to his attorney's admonitions about the consequences of pleading not guilty, the defendant decided to plead guilty.  The Fifth Circuit rejected the challenge to the voluntariness of the plea.

The Fifth Circuit explained that even if the defense lawyer stated that the defendant would almost certainly lose at trial and face a harsh sentence, these were warnings, not threats.  The Fifth Circuit concluded that the defendant's statements during the plea colloquy controlled.  *See also, Uresti v. Lynaugh*, 821 F.2d 1099, 1101-02 (5th Cir. 1987) (finding plea voluntary where attorney warned client that he would be lucky to get 99 years if he went to trial and threatened to withdraw if client pleaded not guilty); *Jones v. Estelle*, 584 F.2d 687, 689-90 (5th Cir. 1978) (holding that defense counsel's impatience and stern demand for an answer were not enough to make guilty plea involuntary).

Long asserts that in urging him to accept the plea offer, defense counsel stated: "you should take his offer because if we go [sic] trial and your claim of addiction proves to have no relevancies, which in your case won't, because of the amount of cocaine you possessed, the District Attorney is going to push for a punishing phase starting at twenty five (25) years; in my estimation, Mr. Long you have no defense."  (Docket Entry No. 2, Petitioner's Memorandum, p. 7).  These warnings about the chances of success at trial and the potential for prison time do not compromise the voluntariness of Long's plea.

Long's complaint that defense counsel failed to investigate the possibility of using evidence of his addiction as a defense to the charged offense is without merit.  The Fifth Circuit has held that the "failure to present . . . evidence would not constitute 'deficient' performance within the meaning of *Strickland* if . . . [counsel] could have concluded, for tactical reasons, that attempting to present such evidence would be unwise."  *Dowthitt v. Johnson,* 230 F.3d 733, 749 (5th Cir. 2000), *cert. denied*, 121 S. Ct.  1250 (2001) (citing *Williams v. Cain,* 125 F.3d 269, 278 (5th Cir. 1997)).  In *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997), the Fifth Circuit found that counsel had not rendered ineffective assistance by not presenting evidence of drug and alcohol abuse.  Regarding this abuse, Boyle's counsel  stated, "It would have been aggravating."  Counsel continued, "I did not think it was beneficial, particularly in 1986 to tell this jury that he was a pill popping . . . truck driver."  *Id.*  Long's description of the advice he received from his lawyer shows that his lawyer was aware of, and had rejected, this defense.  The claim of failure to investigate is not a basis for habeas relief.

Long next claims that counsel failed to check the coercive tactics of the prosecutor, but does not describe what allegedly coercive tactics were used or what defense counsel should have done in response.  This court assumes that Long is referring to the prosecutor's reference to a possible lengthy sentence in the event Long rejected the plea offer.  From the pleadings, it appears that defense counsel herself made similar statements to Long. Warnings about the possible sentence Long faced did not compromise the voluntariness of his guilty plea.  Any objection his counsel raised to such statements by the prosecutor would have been

16

futile, and counsel cannot be deficient for failing to press a frivolous point. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Green v. Johnson,* 160 F.3d 1029, 1036-37 (5th Cir. 1998), *cert. denied,* 525 U.S. 1174 (1999) (citing *Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995)).

Long also complains that defense counsel failed to give him any advice.  Long's own pleadings show that his counsel advised Long to accept the plea and explained the consequence of proceeding to trial.  Long's claim that counsel did not give advice is not supported by the record.  In addition, Long stated in the state court that he had consulted with his attorney before entering the guilty plea, and his counsel stated that she had discussed Long's options before he entered his plea.  Long's claim that counsel did not give advice is not supported by the record.

Finally, Long complains that defense counsel failed to defend Long "to the fullest." The record shows that counsel met with Long.  Counsel reviewed the evidence, including the evidence that police seized 11.2 grams of cocaine.  Counsel told Long that if he proceeded to trial, the prosecutor would recommend a sentence of a minimum of twenty-five years. Counsel advised Long to accept the plea offer and the accompanying seventeen-year sentence instead of proceeding to trial.  Based on her review of the evidence and her knowledge of the law, counsel advised Long to accept the plea.  It was reasonable to tell Long that a seventeen-year sentence was a better alternative than a likely twenty-five year sentence.  Counsel's actions were based on well-informed strategic decisions and are well within the range of practical choices, not to be second-guessed.

In addition, Long has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in counsel's performance.  Long has failed to show that there was a reasonable probability that but for her alleged unprofessional errors, Long would not have entered a guilty plea.  Long received a seventeen-year prison term when he pleaded guilty.  Long has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from five to ninety-nine years.  In the event of a trial, a jury would have learned about Long's history of drug abuse and the amount of cocaine in his possession.

On habeas review, the state trial court found that Long had voluntarily entered his guilty plea.  *Ex parte Long,* Application No. 49,329-01 at 90, Finding 8.  The Texas Court of Criminal Appeals denied habeas relief.  The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1).  Long's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## VI.    The Claim of Prosecutorial Misconduct

Long complains of two instances of prosecutorial misconduct.  "In reviewing an assertion of prosecutorial misconduct, this [c]ourt employs a two-step analysis."  *United States v. Wise,* 221 F.3d 140, 152 (5th Cir. 2000), *cert. denied*, 532 U.S. 959 (2001).  This court initially must determine whether "the prosecutor made an improper remark."  *Id*.  "[T]he second step is to evaluate whether the remark affected the substantial rights of the defendant[]."  *Wise*, 221 F.3d at 152.  In applying this standard, the court "considers three factors: (1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the

efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *United States v. Wyly*, 193 F.3d 289, 299 (5th Cir. 1999).

Long claims that, through fear and coercion, the prosecutor forced him to accept the plea offer. Long explains that he was facing twenty-five years to life in prison, and that the prosecutor told him that his claim of addiction was not a valid defense to the charged offense. Long claims that if the prosecutor had not suppressed the documentation of Long's addiction, he would have been charged with the lesser offense of possession of controlled substance. (*Id*. at 5). The record shows the prosecutor explained to Long that he would likely receive a lesser sentence if he accepted the plea. Even if this statement was improper, Long has not shown that the prosecutor's remark affected Long's substantial rights. Long's pleadings show that defense counsel made similar statements concerning the viability of an addiction defense.

In his second claim of prosecutorial misconduct, Long claims the prosecutor withheld evidence of Long's addiction. (Docket Entry No. 2, Petitioner's Memorandum, p. 4). Under *Brady v. Maryland,* 373 U.S. 83 (1963), suppression by the state of material evidence favorable to the accused, after a request to examine such evidence, violates the accused's Fourteenth Amendment guarantee to due process. A criminal defendant may establish a *Brady* violation, affecting his constitutional right to due process, by showing that the prosecution suppressed favorable evidence, including impeachment evidence, material to determining guilt or innocence. *Jackson v. Johnson,* 194 F.3d 641, 648-49 (5th Cir. 1999). "The State's good or bad faith" in depriving the defendant of exculpatory evidence "is

19

irrelevant." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997) (citing *United States v. Agurs,* 427 U.S. 97, 110 (1976)).  The reviewing court must assess "the cumulative effect" of the nondisclosure.  *Hughes*, 191 F.3d at 629 (citing *Kyles v. Whitley*, 514 U.S. 419, 436 (1995)).  Evidence is not considered suppressed if the defendant knew or should have known of the facts of any exculpatory evidence.  *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994); *Blackmon v. Scott*, 22 F.3d 560, 564-65 (5th Cir.), *cert. denied*, 513 U.S. 1060 (1994).

Long presents no basis to support an inference that any exculpatory material was withheld.  Long claims that the prosecutor suppressed evidence of Long's addiction.  Long is apparently referring to parole records showing that he tested positive for drug abuse.  Long knew these facts.  Long discussed the option of presenting drug addiction as a defense, and counsel advised Long that this was not a viable defense.  No exculpatory evidence was suppressed.  Long's claim for habeas relief based on the *Brady* violation lacks merit.

## VII.   Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 11), is GRANTED. Long's motion requesting misericordiaes, construed as a motion to supplement his response, (Docket Entry No. 16), is GRANTED.   Long's petition for a writ of habeas corpus is DENIED. This case is DISMISSED.  Any remaining pending motions are DENIED as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision.  28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."  When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Long has not made the necessary showing, this court will not issue a COA.

SIGNED on May 31, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge